Nathaniel M. Davis, Esq.
1980 Springfield Avenue
Suite 5
Maplewood, NJ 07040
(973) 792-9005
Attorney for the Plaintiff,
William Barksdale

_____

| | | |
|---|---|---|
| WILLIAM BARKSDALE | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE STATE OF NEW JERSEY |
| | : | |
| | : | |
| Plaintiff (s) | : | |
| | : | |
| v. | : | Civil Action No: |
| | : | |
| HOLIDAY INN, INTERCONTINENTAL | : | |
| HOTELS GROUP, MENLO MANAGEMENT | : | |
| MIHIR TREVIDI,RICK SNYDER, | : | |
| ASHLEY HANNAH, JOHN DOE 1-5 | : | COMPLAINT |
| (Names being fictitious), and | : | |
| ABC CORP 1-3 (Names being | : | |
| fictitious) | : | |
| | : | |
| | : | |
| Defendant(s) | : | |

_____

Plaintiff, William Barksdale, by his attorney, Nathaniel M. Davis of the Law Firm Nathaniel M. Davis, complains of defendants, Holiday Inn, InterContinental Hotels Group, Menlo Management, Mihir Trevidi, Rick Snyder, Ashley Hannah, John Doe 1-5 and ABC Corp 1-3.

## INTRODUCTION

1.   This action arises under the federal law, specifically, 42 U.S.C. 2000e-2 for racial discrimination, wrongful termination,

New Jersey Constitution; New Jersey Law Against Discrimination; the New Jersey Common Law for Battery; negligent hiring and supervision.

2.    The jurisdiction of this court is invoked under the provision of Title 28 of the United States Code, Section 1331 and 1343.

3.    This court has supplemental jurisdiction pursuant to 28 USC §1367 (a) over any and all state constitutional and state constitutional and state law claims that are so related to the claims within the original jurisdiction within the original jurisdiction of this Court.

4.    Venue of this action is proper under 28 USC § 1391 (b) because it is where the Plaintiff resides.

**Parties**

5.    Plaintiff, William Barksdale, is and at all times mentioned was a legal resident of the United States of America, and resident of the State of New Jersey and was and at all time a African American male.

6.    Upon information and belief, and at all time hiseinafter mentioned, Plaintiff, William Barksdale, hiseinafter referred to as "Plaintiff", was an employee of the Holiday Inn, a hotel located at 4701 Stelton Road, South Plainfield, New Jersey 07080.

7.   At all times hiseinafter mentioned, the defendant, Holdiay Inn, was a hotel located 4701 Stelton Road, South Plainfield, New Jersey 07080 and at all times employed the defendants, Mihir Trevidi, Rick Snyder, John Doe 1-5 and ABC Corp 1-3.

8.   At all times hereinafter mentioned, the defendant, InterContinental Hotels Group ("IHG") is a multinational hotels company headquartered in Denham, Buckinghamshire, England.  InterContinental Hotels Group is the owner of Holiday Inn located at 4701 Stelton Road, South Plainfield, New Jersey 07080.

9.   At all times hereinafter mentioned, the defendant, Menlo Management SP, LLC is a company located at 2035 Lincoln Highway, Edison, New Jersey 08817.

10.  At all times hereinafter mentioned, the defendant, Mihir Trevidi ("Trevidi"), was employed as the general manager of the Holiday Inn located at 4701 Stelton Road, South Plainfield, New Jersey 07080.  Trevedi terminated the Plaintiff's employment at Holiday Inn.

11.  At all times hereinafter mentioned, the defendant, Rick Snyder ("Snyder"), was employed as the manager of the Holiday Inn located at 4701 Stelton Road, South Plainfield, New Jersey 07080 and supervised the Plaintiff, William Barksdale.

12.  At all times hereinafter mentioned, the defendant, Ashley Hannah, was employed by the defendant, Holiday Inn located at

4701 Stelton Road, South Plainfield, New Jersey 07080. Defendants are sued in their individual and official capacity.

13.   At all times hereinafter mentioned, the defendants, John Doe 1-5, were employed by the defendant, Holiday Inn located at 4701 Stelton Road, South Plainfield, New Jersey 07080. Defendants are sued in their individual and official capacity.

14.   At all times hereinafter mentioned, the defendants, ABC Corp. 1-3, were corporations affiliated with the defendants, Holiday Inn located at 4701 Stelton Road, South Plainfield, New Jersey 07080, whethis as the parent company, subsidiary, contractor, and/or the alternative name in which Holiday Inn conducts its business.

## STATEMENT OF FACTS

15.   Upon information and belief, Beginning on or about February 2017, Plaintiff has been subject to racial discrimination on his job while employed at Holiday Inn.

16.   The Plaintiff was subject to racial discrimination by Trevidi and Snyder during his employment at Holiday Inn.

17.   Upon information and belief, Plaintiff initially began to recognize the defendant's discriminatory practices shortly after being hired.  Plaintiff worked at the front desk along with the defendant Snyder and witnessed him first hand, engaging in

discriminatory pricing, specifically, charging African American customers more for identical rooms than Caucasians.

18. Plaintiff properly documented the discriminatory practices and reported it to the General Manager, Trevidi. However, there was no consequence to the report.

19. Shortly thereafter, defendant, Rick Snyder, began making remarks to the Plaintiff's co-workers detailing their desire to terminate the Plaintiffs employment even though his customer reviews were the best of all the front desk employees.

20. Upon information and belief, defendants did everything in their power to decrease the Plaintiff's work hours and give him the most undesirable shifts, in attempt of forcing him to quit s they had done to other African Americans in the past.

21. During or around the month of September 2017, the Plaintiff came in for his shift at which point he noticed a swastika, a well-known hate symbol, engraved into the computer whise he regularly worked.

22. Pictures of the swastika were taken and once again reported to the general manager, Trevidi, with no consequences or repercussions.

23. Sometime during the same month of September, a confrontation occurred with the plaintiff and another co-worker named "Ashley" in which she purported that the Plaintiff assaulted his.

24.  The allegations of the assault was false and a pre-text for termination.

25.  The defendants subsequently fired the plaintiff despite there being video recorded evidence to the contrary.

**First Cause of action**
(42 USC 2000e)
**Racial Discrimination**

26.  The plaintiff incorporate by reference the allegations set forth in all proceeding paragraphs 1-19 as if fully set forth herein.

27.  The defendants, Holiday Inn, Menlo Management, and IHG permitted its employees, Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5 to continuously racially discriminate against the Plaintiff.  Such conduct being wanton, reckless, willful and malicious disregard for the safety of plaintiff.

28.  Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5 engaged in racially discriminatory practices, and acted in a wanton, reckless manner, without justification, willfully, maliciously and intentionally and inflicted emotional injuries upon the plaintiff.

29.  Defendant, Holiday Inn, Menlo Management and/or IHG, directly and through its employees and agents, Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, subjected the Plaintiff to unlawful discrimination in violation of Title VII

of the Civil Rights Act, 42 U.S.C. section 2000e, et. seq., in that Plaintiff's discrimination by Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, was an express and implied condition of employment and Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5 racial discrimination of Plaintiff was the cause of tangible detriments to plaintiff.  The acts described above also created a hostile working environment for plaintiff.

30.  Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) charges of employment discrimination on the basis of race within 90 days prior to the filing of this lawsuit; the EEOC has issued a Right to Sue Notice authorizing this suit.  Plaintiff has exhausted all administrative remedies.

31.  Defendants, Holiday Inn, Menlo Management, IHG, and its employees Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, conduct as alleged herein was committed maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted improper and evil motive amounting to malice.  Alternatively, the defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights.  As a result of defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount commensurate with the wealth of each of the defendants.

32.    Defendants, Holiday Inn, Menlo Management, IHG, and its employees Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, are directly liable and responsible for the acts because they knowingly failed to enforce the laws of United States and the State of New Jersey and the regulations of Holiday Inn and IHG pertaining to racial discrimination by its employees, an atmosphere of lawlessness in employees engaged in racial discrimination in belief that such acts will be condoned and justified by their superiors.  Defendants, Holiday Inn, IHG, ABC Corp. 1-3, and John Doe 1-5 were, or should have been aware of these unlawful acts and practices prior to and at the time of the Plaintiff's injuries.

33.  As a direct and proximate result of defendant's, Holiday Inn, Menlo  Management, IHG, and its employees Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, Plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock, humiliation, reasonably occurring and likely to occur based on sexual harassment she experienced and defendants' failure to take appropriate actions; and she has suffered and will continue to suffer a loss of earning and employment benefits and job opportunities.  Plaintiff is hereby entitled to general and compensatory damages in an amount to be proven at trial.

## Second Cause of Action
## Violation of NJSA 10:1-1, et. al.

34. The plaintiff incorporate by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

35. Defendant, Holiday Inn, Menlo  Management,and IHG, directly and through employees and agents subjected the Plaintiff to unlawful racial discrimination in violation of NJSA 10:1-1, et. al. commonly known as the New Jersey Law Against Discrimination, in that Plaintiff's harassment by Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5 was an express and implied condition of employment and their discrimination of Plaintiff was the cause of tangible detriments to Plaintiff.  The acts of discrimination crated a hostile and offensive working environment for Plaintiff.

36. Defendants, Holiday Inn, Menlo  Management,IHG, and its employees Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, conduct as alleged herein was committed maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted improper and evil motive amounting to malice.  Alternatively, the defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights.  As a result of defendants' conduct, Plaintiff is

entitled to recover punitive damages in an amount commensurate with the wealth of each of the defendants.

37.    Defendants, Holiday Inn, Menlo Management, IHG, and its employees Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, are directly liable and responsible for the acts because they knowingly failed to enforce the laws of the State of New Jersey and the regulations of Holiday Inn, Menlo Management and IHG pertaining to racial discrimination by its employees, an atmosphere of lawlessness in employees engaged in racial discrimination in belief that such acts will be condoned and justified by their superiors.  Defendants, Holiday Inn, Menlo Management, IHG, ABC Corp. 1-3, and John Doe 1-5 were, or should have been aware of these unlawful acts and practices prior to and at the time of the Plaintiff's injuries.

38.  As direct and proximate result of the defendants, Holiday Inn, Menlo Management, IHG, and its employees Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, actions, Plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock, and humiliation, reasonably occurring and likely to occur based on racial discrimination he experienced and defendants' failure to take appropriate actions; and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

Plaintiff is hereby entitled to general and compensatory damages in an amount to be proven at trial.

**Third Cause of Action**
**Failure to Implement appropriate policies, customs and practices**

39.  The Plaintiff incorporate by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

40.  Defendant, Holiday Inn, Menlo  Management, IHG, directly and through employees and agents, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the allowance of racial discrimination and violation of first amendment rights without any reasonable training and in such a way as to cause the deprivation of Plaintiff's right to be free from racial discrimination and freedom of speech.

41.  The failure of Holiday Inn, Menlo  Management, and IHG to adequately train and supervise Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, amounts to deliberate indifference to the rights of Plaintiff to be free from racial discrimination and emotion distress.

42.  As a result of this deliberate indifference to the Plaintiff's rights, defendants were the proximate cause of the Plaintiff's personal and emotional injures and is entitled to relief.

43.  As direct and proximate result of the defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock and humiliation, reasonably occurring and likely to occur based on the denial of his rights which she experienced and defendants' failure to take appropriate actions; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is hereby entitled to general and compensatory damages in an amount to be proven at trial.

### Fourth Cause of action

44.  The Plaintiff incorporate by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

45.  At all times material to the herein complaint, defendant, Holiday Inn, Menlo  Management, and IHG, directly and through employees and agents, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of the defendants.  Their de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control employees who were accused of racial discrimination or had a history of discriminatory behavior.

46.  On information and belief, the defendants, Holiday Inn, Menlo  Management, IHG, directly and through employees and

agents have failed to effectively screen, hire, train, supervise, and discipline their employees including the defendants, Mihir Trevidi, Rick Snyder, ABC Corp. 1-3, and John Doe 1-5, for misconduct and their employees from unconstitutional conduct of employees thereby permitting and allowing the defendants to violate the Plaintiff's rights, and to otherwise cause his injury and violate his federal and state constitutional rights.

47.  On information on belief, the defendants, Holiday Inn, Menlo  Management, IHG, directly and through employees, maintained an inadequate structure for risk containment and stress management relative to its employees and failed to create proper means of containing such rick and managing such stress in regard to racial discrimination and emotional distress.  Inter alia, the structure was deficient at the time selection of employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual employees, in its training of supervisory personnel to effectively and adequately evaluate performance of an employee and in its ability to otherwise put the command structure on notice that an individual was at significant levels of risk to the public at large and to the Plaintiff, specifically, the effect of this was to permit

officers to function at levels of significant and substantial risk to public and other employees.

48.  As a result of the above described policies and customs, the defendants, Mihir Trevidi and Rick Snyder, believed that their actions would not be properly monitored.

49.  The defendants, Holiday Inn, Menlo  Management, and IHG, directly and through employees, failed to adequately and properly hire, train, supervise, discipline, or in any other way control the behavior and performance of the defendants, Mihir Trevidi and Rick Snyder, and that the defendants, Holiday Inn, Menlo  Management, IHG, hiring practices and exercise of functions and their failure to enforce the laws of the United States and the State of New Jersey is evidence of the reckless, careless, and/or negligent lack of caution in regard to the rights of its employees including Plaintiff and exhibited a lack of due care which prudent and reasonable individuals would show in executing his duties.

50.  The failure of the defendants, Holiday Inn, Menlo Management, and IHG, directly and through employees, to hire, train, supervise, discipline or in any other way control their employees including the defendants, Mihir Trevidi and Rick Snyder, in the exercise of proper conduct in that the defendants, Mihir Trevidi and Rick Snyder, was and is carried out willfully, wantonly, maliciously, and with suck reckless,

careless, and or negligent disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the Plaintiff.

51.  Although the defendants, Holiday Inn, Menlo Management, and IHG, directly and through employees, knew or should have known of the fact that a pattern of conduct was carried out by its agents, servants, and/or employees have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff.

52.  The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the defendants, Holiday Inn, Menlo Management, and IHG, directly and through employees, to the constitutional rights of the Plaintiff, and were the proximate cause of the violations of the Plaintiff's rights alleged herein.

53.  Plaintiff's claim for damages for the injuries set forth above under the laws of discrimination against the defendant, Holiday Inn, Menlo Management, and IHG, directly and through employees, for violations of the Plaintiff's constitutional rights as set forth above by the defendants actions.

54.  As a direct and proximate result of defendant's, Holiday Inn, Menlo  Management, and IHG, directly and through employees, Plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock, and humiliation,

reasonably occurring and likely to occur based on the denial of his rights which she experienced and defendants'' failure to take appropriate actions, and he suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory in an amount to be proven at trial.

## Fifth Cause of Action
## Supervisory Liability Respondent Superior

55.  The plaintiff incorporate by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

56.  The defendants, Holiday Inn, Menlo  Management, and IHG, directly and through employees, were deliberately indifferent in hiring and/or retaining and/or supervising its employees, defendants, Mihir Trevidi and Rick Snyder, in that said employees lacked the experience, deportment, and ability to be employed by the defendants in that the defendants failed to exercise due care and caution in its employment practices and in particular in hiring, retaining, supervising, training, and promoting the aforementioned employee.

57.  The aforesaid occurrence to wit: discrimination, violation of civil rights, infliction of emotional distress, and the resulting injuries of mind were caused wholly and solely by reason of the gross negligence or deliberate indifference of the

defendants, Holiday Inn and IHG, directly and through employees, without any action on the part of the Plaintiff.

58. That by reason of the aforesaid, the Plaintiff was injured and suffered damages.

## ALLEGATIONS

59. As a result of the foregoing, plaintiff, William Barksdale, was deprived of his liberty, suffered fear and humiliation, physical injuries, public ridicule, loss of personal reputation, loss of income, costs and expenses, and was otherwise damaged.

60. By reason of the above premises plaintiff, William Barksdale, is entitled to damages.

61. Plaintiff, William Barksdale, has incurred attorneys' fees and other expenses in defending himself against defendant's malicious and unreasonable conduct.

62. Defendant acted maliciously and with the intent to injure Plaintiff.

63. By reason of the above premises Plaintiff is entitled to punitive damages.

64. Pursuant to 42 USC § 1988, Plaintiff is entitled to a reasonable allowance for attorneys fees as part of his costs.

PRAYER FOR RELIEF

WHISEFORE, plaintiff, William Barksdale, requests that this Court:

(1)   Accept jurisdiction over the parties;

(2)   Empanel and charge a jury with respect to this action;

(3)   Award to plaintiff, William Barksdale, compensatory and punitive damages with pre and post-judgment interest to compensate him for the injuries he has suffered;

(4)   Order defendants to pay cost of suit

(5)   Order defendants to pay the reasonable attorneys fees and othis costs incurred by Plaintiff;

(6)   Award plaintiff, William Barksdale, any other relief deemed necessary, just and proper.


Dated: May 4, 2018

                          Respectfully submitted,

                          /s/ Nathaniel Davis
                          _____
                          Nathaniel Davis, Esq.
                          1980 Springfield Avenue
                          Suite 5
                          Maplewood, New Jersey 07040

                          Telephone: (973) 792-9005